UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
ABDUL KARIM WALI,                   :
                                    :
            Plaintiff,              : 07 Civ. 7549 (DAB)(THK)
                                    :
      -against-                     :
                                    : **ORDER**
CHELSEA PLASTICS, GEORGE FRECHTER,  :
Owner, SHIRLEY ROSE, Owner          : Pro Se
                                    :
            Defendants.             :
                                    :
------------------------------------X

**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

In this employment discrimination action, Plaintiff alleges that, on the basis of his race, color and religion, Defendants violated his rights in 2005 and 2006. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17.

On November 30, 2007, Defendants filed a document entitled "Motion To Dismiss Or In The Alternative, Motion For A More Definitive Statement," wherein Defendants make three arguments: (1) Defendant Chelsea Plastic does not meet the statutory definition of an employer under Title VII because it has never had fifteen or more employees at the same time; (2) Defendants George Frechter and Shirley Rose ("Rose") should be dismissed as Defendants because Title VII does not provide for individual liability; and (3) Plaintiff should be required to provide a more definitive statement of his cause of action because, as currently stated, the Amended Complaint is devoid of any factual allegations supporting his

COPIES MAILED
TO COUNSEL OF RECORD ON  1/16/08

claims.

In connection with Defendants' first argument, Defendants submit an affidavit from Rose, in which she avers that Defendant Chelsea Plastics has never employed fifteen or more persons at the same time. Defendants argue that this fact mandates dismissal of Plaintiff's Title VII claims against Chelsea Plastics because to qualify as an employer under Title VII, the entity must have fifteen or more employees. See 42 U.S.C. § 2000(e)(b) ("The term employer means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the *current or proceeding calendar year* . . . ") (emphasis added). Rose submits records for 2005 which corroborate her assertion, but does not submit any records for 2004. Records from 2004 are relevant under the statute because 2004 is the "proceeding calendar year" to 2005, and an alleged discriminatory act occurred in 2005. See id.

In his response to Defendants' motion, Plaintiff does not contest, or even address, Defendants' argument that Chelsea Plastics does not meet the definition of an employer under Title VII, and that the claims against Chelsea Plastics must, therefore, be dismissed.

In light of the foregoing, it is hereby ordered that:

1. Pursuant to Federal Rule of Civil Procedure 12(b), the Court hereby converts Defendants' Motion to Dismiss, Or In The Alternative, Motion For A More Definitive Statement, into a Motion

for Summary Judgment.

2. By January 30, 2008, Defendant Chelsea Plastics is to provide to the Court, and serve upon Plaintiff, records from 2004 that support Rose's assertion that Chelsea Plastics did not employ fifteen or more employees during that calendar year. If Defendant Chelsea Plastics is unable to provide records from 2004, it shall explain its inability to do so, and the legal implications of this inability, in a letter to the Court, by January 30, 2008.

2. By February 14, 2008, Plaintiff is to state whether he intends to contest Defendant Chelsea Plastic's assertion that it did not have fifteen or more employees during 2004, 2005 or 2006, and, if he does intend to contest that assertion, Plaintiff is to provide competent evidence to indicate that the assertion is incorrect.

SO ORDERED.

_____
Theodore H. Katz
UNITED STATES MAGISTRATE JUDGE

Dated:   January 16, 2008
         New York, New York

Copies mailed this date to:

Joshua Marcus, Esq.
Franklin, Gringer & Cohen, P.C.
666 Old Country Road, Suite 202
Garden City, NY 11530-2013

Abdul-Karim-Wali
620 Trinity Ave., A-10
Bronx, New York 10455-3008