```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------
ABDUL KARIM WALI,

                    Plaintiff,        :  07 Civ. 7549 (DAB)(THK)
                                      :
         -against-                    :
                                      :   REPORT AND
                                      :   RECOMMENDATION
CHELSEA PLASTICS, GEORGE FRECHTER,    :
Owner, SHIRLEY ROSE, Owner,           :   Pro Se
                                      :
                    Defendants.       :
                                      :
---------------------------------------X
```

**TO: HONORABLE DEBORAH A. BATTS, United States District Judge.**
**FROM: THEODORE H. KATZ, United States Magistrate Judge.**

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. Plaintiff alleges that, on the basis of his race, color and religion, Defendants discriminated against him in the terms and conditions of his employment, in 2005 and 2006.

On November 30, 2007, Defendants filed a document entitled "Motion To Dismiss Or In The Alternative, Motion For A More Definitive Statement," which, by Order dated January 16, 2008, this Court converted to a motion for summary judgment ("Motion"). The Motion has been referred to this Court for a Report and Recommendation, pursuant to 28 U.S.C. § 636 (b)(1)(B) and (C). For the reasons that follow, the Court recommends that judgment be entered on behalf of Defendants, and that this action be dismissed.

### PROCEDURAL BACKGROUND

In their Motion, Defendants argue, among other things, that

COPIES MAILED
TO COUNSEL OF RECORD ON 3/5/08

Defendant Chelsea Plastics does not meet the statutory definition of an employer under Title VII because it has never had fifteen or more employees at the same time. (See Motion at p. 2; see also Affidavit of Shirley Rose In Support Of Defendants' Motion To Dismiss ("Rose Aff."), ¶ 3.) Defendants argue that this fact alone mandates dismissal of Plaintiff's Title VII claims against Chelsea Plastics because to qualify as an employer under Title VII, an entity must have fifteen or more employees. See 42 U.S.C. § 2000(e)(b) ("The term employer means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the *current or proceeding calendar year . . .* ") (emphasis added).[1]

In their original Motion, Defendants submitted employment records for the years 2005 and 2006. By Order dated January 16, 2008, the Court ordered Defendant Chelsea Plastics to provide records from 2004 that support their assertion that Chelsea Plastics did not employ fifteen or more employees during that calendar year – as information from that year is relevant to the alleged discrimination in 2005. Employment information for 2004 was submitted in a Supplemental Affidavit, dated January 28, 2008.

---

[1] Defendants also argue that Plaintiff's claims against Defendants George Frechter and Shirley Rose should be dismissed because Title VII does not provide for individual liability and, in the alternative, that Plaintiff be required to provide a more definitive statement of his claims. See Sections II.B and II.C, *infra*.

2

Thereafter, by Affidavit, dated February 4, 2008, Plaintiff contested Rose's assertion that Chelsea Plastics did not have fifteen or more employees during 2004, 2005, or 2006, by identifying employees of a separate entity, Plexi-Craft Quality Productions Corp. ("Plexi-Craft"), that maintains office space in the same building as Chelsea Plastics and shares a common, or similar, ownership structure with Chelsea Plastics.

In response, Chelsea Plastics submitted a Second Supplemental Affidavit by the current President of both Chelsea Plastics and Plexi-Craft, Allen R. Frechter, and a corresponding letter to the Court, dated February 20, 2008. In these documents, Chelsea Plastics argues that it cannot be considered a single employer with Plexi-Craft for purposes of Title VII and, consequently, that Plaintiff's claims against it must be dismissed because Chelsea Plastics did not have fifteen or more employees during the relevant period.

### DISCUSSION

I.  Legal Standard

If "matters outside the pleadings are presented to and not excluded by the court [in connection with a motion to dismiss], the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(b); see also Hayden v. County of Nassau, 180 F.3d 42, 54 (2d Cir. 1999) ("If a judge looks to additional materials, the motion should be converted into

a motion for summary judgment."); Amaker v. Weiner, 179 F.3d 48, 50 (2d Cir. 1999) ("This Court does strictly enforce the conversion requirement of Rule 12(b) where there is a legitimate possibility that the district court relied on inappropriate material in granting the motion."). As set forth above, based on Defendant Chelsea Plastic's submission of, and this Court's reliance on, Rose's Affidavit regarding the number of employees at Chelsea Plastics, by Order dated January 16, 2008, this Court converted Defendants' Motion to Dismiss into a a Motion for Summary Judgment under Federal Rule of Civil Procedure 56.

Under Rule 56(c) of the Federal Rules of Civil Procedure, a motion for summary judgment may not be granted unless the Court determines that there is no genuine issue of material fact to be tried, and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552-53 (1986); Salahuddin v. Goord, 467 F.3d 263, 272-73 (2d Cir. 2006); Williams v. Utica College of Syracuse Univ., 453 F.3d 112, 116 (2d Cir. 2006). The burden of demonstrating the absence of any genuine dispute as to material facts rests upon the party seeking summary judgment. See Adickes v. S. H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 1608 (1970). Once a properly supported motion for summary judgment has been made, the burden shifts to the non-moving party to make a sufficient showing to establish the

4

essential elements of that party's case on which it bears the burden of proof at trial. Hayut v. State Univ. of N.Y., 352 F.3d 733, 743 (2d Cir. 2003). The nonmoving party must put forth "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). In assessing the record to determine whether there is a genuine issue to be tried as to any material fact, courts are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986); Patterson v. County of Oneida, 375 F.3d 206, 219 (2d Cir. 2004).

Only competent evidence may be considered in determining the outcome of a motion for summary judgment. See Sheldon v. Barre Belt Granite Employer Union Pension Fund, 25 F.3d 74, 79 (2d Cir. 1994); Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 526 (2d Cir. 1994); Cordoba v. McElroy, 78 F. Supp.2d 240, 245 (S.D.N.Y. 2000).

II. Application

In his Amended Complaint, Plaintiff asserts claims against (1) the corporate entity that employed him, Chelsea Plastics (2) the former owner of Chelsea Plastics, George Frechter,[2] and (3) the

---

[2] George Frechter passed away after Plaintiff's employment with Chelsea Plastics was terminated. The ownership interests in Chelsea Plastics are now held by Mr. Frechter's estate. (See Second Supplemental Affidavit In Support Of Defendants' Motion For Summary Judgment ("A. Frechter Aff."), ¶ 6.)

Vice President of Chelsea Plastics, Shirley Rose.

A.   Claims Against Chelsea Plastics

As stated above, in order to qualify as an "employer" for purposes of Title VII, a employer must have fifteen or more employees. See 42 U.S.C. § 2000e(b).  Based on the parties' submissions to the Court, Plaintiff does not provide evidence that Chelsea Plastics employed fifteen or more people during the relevant time periods; instead, he simply provides the names of people working on two separate floors of the building in which Chelsea Plastics is located. By contrast, Defendants have provided an affidavit indicating that the employees on one of the two floors are employees of a related company, Plexi-Craft, not Chelsea Plastics.  Thus, the dispute is ultimately centered on whether employees of Plexi-Craft should be counted in order to qualify Chelsea Plastics as an employer, by putting it over the fifteen employee minimum requirement.[3]

Courts in this district look at four factors to determine whether corporate entities should be considered a single employer for purposes of Title VII: (1) interrelated operations, (2) common management, (3) centralized control of labor relations, and (4)

---

[3] Plaintiff does not specifically argue that employees of Plexi-Craft should be counted. Instead, he alleges that Defendants' records are "not true and accurate" because they do not list workers on both floors of the building, i.e., do not list employees of Plexi-Craft. (See Affirmation In Opposition To Motion ("Plaintiff Aff."), at p. 1.)

6

common ownership.  See Murray v. Miner, 74 F.3d 402, 405-05 (2d Cir. 1996) (citing Radio & Television Broadcast Technicians Local Union 1264 v. Broadcast Serv. of Mobile, 380 U.S. 255, 256, 85 S. Ct. 876 (1965) and Perry v. Manocherian, 675 F. Supp. 1417, 1425 (S.D.N.Y. 1987)).  Although "no one factor is determinative . . . and, indeed, all four factors are not required . . . control of labor relations is the central concern."  Murray, 74 F.3d at 405 (internal citations omitted).

In his Second Supplemental Affidavit, Allen Frechter makes the following statements regarding Plexi-Craft and Chelsea Plastics: (1) they are involved in the manufacture of different products and sell to different customers; (2) they operate in different office space – with Chelsea Plastics occupying the second floor at 514 W. 24th Street and Plexi-Craft occupying the first floor of the same building – and have different entrances and telephone numbers; (3) although the companies have similar ownership structures, they are operated autonomously, each with its own "employees, equipment, bank accounts, and letterhead"; (4) they purchase and use their own materials; (5) employees of the companies are paid by the company for which they work, and there is no commingling of company assets; and, most importantly, (6) day-to-day management of the companies is "separate and distinct" – with employees of each company reporting only to the foreman of that company, who has no authority to make supervisory decisions regarding employees of the other

7

company. (See A. Frechter Aff., ¶¶ 3-8.) Defendants have also submitted records which indicate that there were never fifteen or more employees paid from Chelsea Plastics' payroll accounts during the relevant time periods. (See Rose Aff., Ex. B.)

In light of these sworn and uncontested assertions by Mr. Frechter, and the evidentiary support submitted with Ms. Rose's Affidavit, this Court concludes that Chelsea Plastics and Plexi-Craft should not be considered a single employer for purposes of Title VII, and, accordingly, that Chelsea Plastics does not qualify as an employer under Title VII because it did not employ fifteen or more employees during the relevant time periods. Cf. Da Silva v. Kinsho Intern. Corp., 229 F.3d 358, 365-66 (2d Cir. 2000) (issue of employer status based on number of employees can be resolved on summary judgment); Gentle v. A. Heller Metals, Inc., No. 06 Civ. 2575 (GBD), 2006 WL 3478009, at *1-2 (S.D.N.Y. Dec. 1, 2006) (where documentation indicated that employer has no more than nine employees, and there was no contrary evidence, court grants judgment on the pleadings).

Consequently, the Court recommends that judgment be entered on behalf of Chelsea Plastics, and that the claims against it be dismissed.

B. Claims Against George Frechter And Shirley Rose

In their Motion, Defendants argue that Plaintiff's claims against the individual Defendants - Frechter and Rose - must be

8

dismissed because individuals are not subject to liability under Title VII. (See Motion at p.3.)  Plaintiff does not dispute this proposition in his Response, and it is black-letter law in this Circuit.  See e.g., Wrighten v. Glowski, 232 F.3d 119, 120 (2d. Cir. 2000).  Consequently, Plaintiff's claims against Frechter and Rose should be dismissed.[4]

## CONCLUSION

For the reasons set forth above, this Court respectfully recommends that Defendants' Motion be granted and that the Amended Complaint be dismissed with prejudice.  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this report to file written objections.  See also Fed. R. Civ. P. 6(a).  Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Deborah A. Batts, United States District Judge, and to the chambers of the undersigned, Room 1660.  Any requests for an extension of time for filing objections must be directed to Judge Batts.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  See Thomas v. Arn, 474 U.S. 140, 155, 106 S. Ct. 466, 475 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992);

---

[4] Defendants' only other argument - that Plaintiff should be required to provide a more definite statement of his claims - is rendered moot in light of these recommendations.

9

<u>Small v. Sec'y of Health & Human Servs.</u>, 892 F.2d 15, 16 (2d Cir. 1989).

Respectfully Submitted,

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: March 5, 2008
       New York, New York

Copies mailed this date to:

Joshua Marcus, Esq.
Franklin, Gringer & Cohen, P.C.
666 Old Country Road, Suite 202
Garden City, NY 11530-2013

Abdul-Karim-Wali
620 Trinity Ave., A-10
Bronx, New York 10455-3008