```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
ABDUL KARIM WALL,

                Plaintiff,            07 Civ. 7549 (DAB)

                                      ADOPTION OF REPORT
        -against-                     AND RECOMMENDATION

CHELSEA PLASTICS, GEORGE FRECHTER,
Owner, and SHIRLEY ROSE, Vice
President,

                Defendants.
----------------------------------------X
```

DEBORAH A. BATTS, United States District Judge.

On March 5, 2008, Magistrate Judge Theodore H. Katz issued a Report and Recommendation ("Report") in the above-captioned case. Magistrate Judge Katz recommends that Plaintiff's claims of employment discrimination based on race, color and religion under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., be dismissed and that summary judgment be entered on behalf of Defendants.

Pursuant to 28 U.S.C. § 636(b)(1)(C), "[w]ithin ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations." See also Fed. R. Civ. Pro. Rule 72(b). The District Court is required under 28 U.S.C. § 636(b)(1)(C) to make a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection

is made." Where no timely objection has been made, "a district court need only satisfy itself there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). See also, Vega v. Artuz, No. 97 Civ. 3775, 2002 U.S. Dist. LEXIS 18270, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review . . . [such objections] would reduce the magistrate's work to something akin to a meaningless dress rehearsal." (Citations and internal quotation marks omitted)). After conducting the appropriate level of review, the Court may then accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C); see also Local Civil Rule 72.1(d). Plaintiff has raised one objection to the Report, and the Court will therefore review the objected-to portion of the Report de novo.

## I. BACKGROUND

The facts in this matter are detailed in Judge Katz's Report; unless relevant, they will not be reiterated here. In sum, Judge Katz considered whether Defendant Chelsea Plastics

qualified as a company under Title VII. He determined that Defendant Chelsea Plastics does not qualify as an "employer" under Title VII because it did not employ fifteen or more employees at one time during the years of 2004, 2005 and 2006. He also considered Plaintiff's allegation that Chelsea Plastics and Plexi-Craft, a related company, should be considered a single employer for purposes of Title VII.[1] He concluded they should not. Plaintiff objects to the Report because his personal observations during the time that he worked at Chelsea Plastics led him to believe that Chelsea Plastics and Plexi-Craft operated as a single company, with "common management [and] common ownership." (Pl.'s Objection, 6.)

Judge Katz also determined that the claims against individual Defendants Frechter and Rose must be dismissed because individuals are not subject to liability under Title VII as a matter of law. Plaintiff did not object to this aspect of the Report.

On March 13, 2008, Plaintiff timely filed his Objection to the Report. Plaintiff's objections largely rehash the same

---

[1] Plaintiff never specifically raised this argument, but Judge Katz inferred it from the fact that Plaintiff supplied lists of employees from both companies in support of his claim that Chelsea Plastics had more than 15 employees. (Report and Recommendation, at 6 fn 3, citing Pl.'s Aff. in Opp. to Mot., at 1.)

arguments set forth in the Amended Complaint.  However, since Plaintiff proceeds pro se, the Court considers his submissions liberally, and interprets them to raise the strongest arguments they can suggest.  Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (citing Burgos v. Hopkins, 41 F.3d 787, 790 (2d Cir. 1994)).

## II. DISCUSSION

### A. Legal Standard

Summary judgment is properly granted only when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there are no genuine issues of material fact and the movant is entitled to summary judgment as a matter of law.  Fed. R. Civ. P. 56(c); see also, Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  A pre-discovery motion for summary judgment, as in this case, is viewed by the Court with caution.  See, Serendip LLC v. Franchise Pictures LLC, 00 Civ. 210,  2000 U.S. Dist. LEXIS 12946, 2000 WL 1277370, at *8 (S.D.N.Y. Sept. 7, 2000).  Summary judgment is appropriate only when, "after drawing all reasonable inferences in favor of a non-movant, no reasonable trier of fact could find in favor of that party."  Heublein v. United States,

996 F.2d 1455, 1461 (2d Cir. 1993) (citing Matsushita Elec. Industr. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).

When a plaintiff proceeds pro se, as in this case, "a court is obliged to construe his pleadings liberally, particularly when [plaintiff] allege[s] civil rights violations." Jacobs v. Ramirez, 400 F.3d 105, 106 (2d Cir. 2005). However, a pro se plaintiff is not relieved from the usual requirements of summary judgment; a pro se party's "bald assertion," unsupported by evidence, is not sufficient to overcome a motion for summary judgment. Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991). In assessing when summary judgment should be granted, "there must be more than a 'scintilla of evidence' in the non-movant's favor; there must be evidence upon which a fact-finder could reasonably find for the non-movant." Heublein, 996 F.2d at 1461 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). While a court must always "resolv[e] ambiguities and draw[ ] reasonable inferences against the moving party," the non-movant may not rely upon "mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11-12 (2d Cir. 1986) (citing Anderson, 477 U.S. at 249-50). Instead, when the moving party has documented

particular facts in the record, a nonmoving party cannot rely merely on conclusory allegations or speculation, and "may not rest on the pleadings but must further set forth specific facts in the affidavits, depositions, answers to interrogatories, or admissions showing a genuine issue exists for trial." Cifarelli v. Village of Babylon, 93 F.3d 47, 51 (2d Cir. 1996). Establishing such facts requires going beyond the allegations of the pleadings, as the moment has arrived "'to put up or shut up.'" Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (citation omitted). Unsupported allegations in the pleadings thus cannot create a material issue of fact. Id.

    B.    Plaintiff's Objection to Report's Finding that Chelsea Plastics is Not an Employer Covered Under Title VII.

Before considering the merits of Plaintiff's claims of discrimination, Judge Katz first addressed the threshold issue of whether Chelsea Plastics constitutes an employer as contemplated under Title VII. Plaintiff challenges Judge Katz's conclusion that Chelsea Plastics is not such an employer.

Companies with fewer than fifteen employees are not governed by Title VII. 42 U.S.C. § 2000e(b). The term "employer" is defined in the statute as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the

current or preceding calendar year." Id. An employer is not covered by Title VII unless it "employs 'fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.'" Drescher v. Shatkin, 280 F.3d 201, 202-03 (2d Cir. 2002) (quoting 42 U.S.C. § 2000e(b)). A defendant in an action brought under Title VII "is normally entitled to seek dismissal if the complaint shows on its face that the element of statutory coverage is lacking, or to seek summary judgment on that issue if undisputed facts can be presented to defeat coverage." Da Silva v. Kinsho Int'l Corp., 229 F.3d 358, 365-66 (2d Cir. 2000). Summary judgement is appropriate where an employer can prove that it "did not have fifteen or more employees for twenty or more calendar weeks in the year of the harassment or the year preceding and therefore was not within the coverage of Title VII." Drescher, 280 F.3d at 202.

Under the single employer doctrine, four factors determine whether two entities will be regarded as a single employer subject to joint liability for employment-related acts. They are: (1) interrelated operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership." Murray v. Miner, 74 F.3d 402, 404 (2d Cir. 1996) (citing Radio and Television Broadcast Technicians Local Union

1264 v. Broadcast Srvs. of Mobile, 380 U.S. 255, 256, 85 S. Ct. 876 (1965)). No one factor is determinative, and not all four factors are required, but "control of labor relations is the central concern." Id. Payroll records for the relevant time period can be legally sufficient evidence to prove that a defendant did not employ more than 15 people at any given time. See e.g., Gaugaix v. Laboratoires Esthederm United States, 98 Civ. 4465, 2001 U.S. Dist. LEXIS 26, 98 Civ. 4465, 2001 WL 11069 at *1 (S.D.N.Y. Jan. 4, 2001) ("In connection with its motion for reconsideration [defendant] has submitted payroll records that conclusively show that [defendant] never employed more than fifteen people. This new evidence. . . warrants granting [defendant's] motion for summary judgment.").

In this case, Defendant has submitted payroll records for the relevant time periods: the years during which Plaintiff was employed, as well as the preceding year. In response, Plaintiff submitted lists of individuals working on two different floors of the building, for both Chelsea Plastics and Plexi-Craft. Judge Katz interpreted liberally Plaintiff's submission, and considered it to be an allegation that the two companies should be considered a single employer for purposes of Title VII. Defendant does not dispute that the two companies cumulatively employed more than 15 people during the relevant time period, but

asserts that the two companies should be considered separate employers.

In his Objection, Plaintiff writes, "My claim should not be dismissed because Defendants George Frechter and Shirley Rose own the business on the second floor and the business on the first floor. I ... work on both floors." (Pl.'s Objection, 1.) Affording Plaintiff the appropriate level of liberality he is owed as a pro se litigant, see Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), this Court deems Plaintiff's statements to be an objection to Judge Katz's determination that Chelsea Plastics and Plexi-Craft are separate employers.

The Court finds that Plaintiff's observations led him to believe that the two companies had common ownership, centralized control of labor relations and centralized management. (Pl.'s Objection at 1-2.) As examples, he cites the fact that only the office on the first floor was used (Id. at 7), that the second floor office was vacant (Id. at 3), that his supervisor on the second floor received instructions from George Frechter by phone (Id. at 3), that George Frechter paid employees of both companies from the same desk on Friday afternoons, (Id. at 7), and that Plaintiff had work assignment on both floors (Id. at 4). These observations form the basis for Plaintiff's belief that employees

of both companies should be counted as employees of Chelsea Plastics. If employees of the two companies were treated as an aggregate, then Chelsea Plastics would exceed the 15 employee minimum and would qualify as an employer under Title VII. (Id. at 1-3.)

The Court notes that Plaintiff's Objection marks the first time he made such detailed factual allegations to support his claim that the two companies should be considered a single employer. While this Court is liberal in construing Plaintiff's pleadings, "the leniency to which pro se litigants are entitled is not without limits." Brasch v. Koch, 713 F. Supp. 709, 711 (S.D.N.Y. 1989). Plaintiff failed to allege properly these facts in either his Complaint or Amended Complaint. In addition, even these allegations, while much more specific than those he has made in the past, are either vague, or hearsay, or both and fail to rise to the level of competent evidence required to defeat a Motion for Summary Judgment. For example, Plaintiff's assertion that his supervisor on the second floor received instructions from George Frechter by phone (Pl.'s Objection, 3), the only allegation he makes that appears to address the critical issue of control of labor relations, is not supported by any independent evidence and seems most likely to be the result of Plaintiff's interpretation of one side of phone conversations that he

overheard while on the job, or of comments made by his supervisor.

Furthermore, Plaintiff's observations, first put on record in his Objection to the Report, do not materially undermine Judge Katz's findings that Plaintiff did not meet his burden to demonstrate that the two companies should be considered as a single employer. The Second Supplemental Affidavit of Alan Frechter disputes many of Plaintiff's assertions, and supports a conclusion that Chelsea Plastics and Plexi-Craft are separate employers under Title VII. (Second Supplemental Aff. in Supp. of Defs' Mot. for Summ. J., ¶ 3-8.) This evidence includes statements in the Frechter Affidavit that the two companies manufacture different products, sell to different companies, operate in different office space with different entrances and telephone numbers, have separate "employees, equipment, bank accounts, and letterhead" and do not co-mingle company assets. Most importantly, the Frechter Affidavit states that daily management of each company is "separate and distinct" - with employees for each company reporting only to the foreman of that company, who has no authority regarding employees of the other company. (Id.) Other evidence corroborates the Frechter Affidavit, for example, the payroll records submitted to the Court demonstrated that employees were paid by the company for

which they worked. (Rose Aff., Exh. B & C.) The record provides ample evidence to conclude that Chelsea Plastics and Plexi-Craft did not qualify as a single employer under Title VII at the time in question. Given that it is uncontested that Chelsea Plastics alone did not have 15 employees at any one time during the relevant period, the Court agrees with Judge Katz. Accordingly, the Court adopts his recommendation that summary judgment be entered against Plaintiff.

### III. CONCLUSION

Plaintiff's remaining objections are either general, or reiterate arguments already submitted to Magistrate Judge Katz.[2] Therefore this Court reviews the remainder of the Report for clear error. Having found no clear error on the record, and having conducted an independent de novo review of the specifically objected-to portions of the Report, it is ORDERED AND ADJUDGED as follows:

---

[2] Plaintiff does not object to Magistrate Judge Katz's conclusion that individual Defendants Frechter and Rose are not subject to liability under Title VII as a matter of law. This Court finds no evidence of error in the record and adopts Magistrate Judge Katz's recommendation dismissing charges against both these Defendants.

12

1. The Report and Recommendation of United States Magistrate Judge Katz dated March 5, 2008, be and the same hereby is APPROVED, ADOPTED, and RATIFIED by the Court.

2. Summary Judgment be entered in favor of Defendant Chelsea Plastics, and that the claims against it be DISMISSED.

3. Plaintiff's claims against Defendants Frechter and Rose be DISMISSED.

The Clerk of Court is directed to close this case and remove it from the docket.

SO ORDERED
DATED:   New York, New York
         May 9, 2008

                                    _____
                                    DEBORAH A. BATTS
                                    United States District Judge